

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
FEB 18 2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JAMAL A. AKBAR, )
)
)
Plaintiff, ) HON. EDMOND E. CHANG
)
-vs- )
) CASE NO: 17CV5447
)
INTERSTATES REALTY MANGEMENT )
A NEW JERSEY CORP. ET AL. )
)
Defendants. )

## MOTION TO ENTER FINAL JUDGMENT WITH LAW

Now comes the plaintiff, JAMAL A. AKBAR, pro-se and pursuant to Fed. Rules of Civ. Proc. 54 (b), and Haines v. Kerner, 404 U.S. 519 (1972) requesting the Court to hold this motion to "less stringent standards than formal pleadings drafted by lawyers." The Court must take as true pro-se allegations. See: Cooper v. Pate, U.S. 546 (1964). In deciding to enter judgment under Rule 54(b), the Court must decide whether any just reason for delay exist. See: Brea grove, 170 F.3rd at 539.

1. Factual allegations of the plaintiff have never been denied. "Failure to admit or deny an allegation is equivalent to an admission." See: Canfield v. Tobias, 21 Cal. 349 (1863), Fed. Rules 8 (b). The defendants have been evasive by responding only indirectly.

2. Plaintiff has submitted substantial evidence in support of his constitutional claim. A fundamental rule, a statute (HUD's subsidized program) cannot be treated as meaningless. This discriminatory practice is a form of redlining toward members of the protected class. "An agency of the government must scrupulously observe rules, regulations or procedures which it has established (TSPs must comply with the code of federal regulations and Hud's regulations) when it fails to do so, its action cannot stand and the court will strike it down." See: Accardi v. Shaughnessy, 347 U.S. 260 (1954).

3. The case has clogged Court's calendar for more than two years. In this time the defendants have failed to show cause in open court that HUD's subsidized program don't apply to the plaintiff who is a member of the protected class. Have the defendant to show cause in open court that the regional administrator of HUD' is fraudulent in his position spelled-out in his letter dated Dec. 11, 2018.

4. The plaintiff recently had to appeal a decision in the state proceeding, this is two legal actions going on at the same time, in addition the transportation cost on a fix income has become mental and emotional stressful. The State and Federal housing act are clear and the defendants breach their contract by its clear failure to perform. There is a thread of consistency in the Courts that: "such interference with Constitutional rights is impermissible." See: Speiser v. Randall, 357 U.S. 513, 526. All laws which are repugnant to the Constitution are null and void (as is the catch me if you can policy of the defendants). See: Marbury v. Madison, 5 U.S. 137 1 Cranch 137.

## CONCLUSION

Plaintiff pray this Honorable Court will grant said motion, both prongs appear to have been met and the law is crystal clear.

Respectfully submitted,

/s/ *Jamal Akbar*
Jamal A. Akbar, pro-se

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMAL A. AKBAR, | ) ) ) | |
| Plaintiff, | ) | HON. EDMOND E. CHANG |
| -vs- | ) | CASE NO: 17CV5447 |
| INTERSTATES REALTY MANGEMENT A NEW JERSEY CORP. ET AL. | ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

To: Clerk of the Court
   United States Court House
   219 S. Dearborn St.
   Chicago, IL. 60604

c/o: Chris Wunder
    Kaplan Papadakis & Gournis
    180 N. LaSalle Street
    Suite 2108
    Chicago, IL. 60601

PLEASE TAKE NOTICE: that on 2/11/2020, the Plaintiff named herein has filed with the Clerk of the United State District the attached motion/w law. A true and correct copy of same is hereby served upon you at the above address by U.S. Mail.

/s/ *Jamal Akbar*
Jamal A. Akbar, pro-se