UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMAL A. AKBAR, | ) |
| Plaintiff, | ) 17-cv-05447 |
| v. | ) Judge Edmond E. Chang |
| SAVOY SQUARES, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

In July 2017, Jamal Akbar filed this civil-rights lawsuit, 42 U.S.C. § 1983—without a lawyer—against "Savoy Squares,"[1] which he alleged was a property-management company in Chicago. Savoy Squares allegedly enters into low-income housing contracts with the Chicago Housing Authority and the U.S. Department of Housing and Urban Development. Also named in the suit was one of Savoy's employees, Roshawn Perry *See* R. 1, Compl.; R. 12, Am. Compl.[2][3]

In January 2018, Akbar amended the Complaint, and then in October of that year—after Defendant Savoy Square failed to appear—the Court entered a default

---

[1] Akbar names "Savoy Squares" in the caption and "Savoy Square" in the body of the Amended Complaint, and the Defendant is named "Savoy Square Apartments" in the Default Judgment. *See* R. 12, Am. Compl.; R. 31. For consistency, the Court uses "Savoy Square" in this Opinion to refer to the Defendant.

[2] Citations to the record are noted as "R." followed by the docket number and the page or paragraph number.

[3] In December 2017, the initial complaint was dismissed (without prejudice) on screening review, because there were no facts suggesting that either of the Defendants were acting under color of law (as required for 42 U.S.C. § 1983 claims). R. 10; *see* 28 U.S.C. § 1915(e)(2)(B). Akbar filed the Amended Complaint in January 2018. Am. Compl. at 4. The Court has federal question jurisdiction over this case under 28 U.S.C. § 1331.

judgment in Akbar's favor. R. 31. Shortly after, Interstate Realty Management Corp. and Legends A-2, LLC appeared and moved to vacate the default judgment. R. 34, Mot. Vacate. The two companies asserted that *they* were the potentially proper defendants in the lawsuit, not "Savoy Squares," and that the default judgment should be vacated in light of excusable neglect. *Id.* at 11-12. The Court vacated the default judgment because no authorized employee accepted service of the complaint. R. 50.

Now, Interstate and Legends have moved to dismiss the Amended Complaint for failure to adequately state a claim. Fed. R. Civ. P. 12(b)(6); R. 51, Mot. Dismiss. For the reasons explained below, the motion to dismiss is granted, but without prejudice to allow Akbar to amend the complaint one more time.

## I. Background

### A. Amended Complaint

For purposes of this motion, the Court accepts as true the factual allegations in the Amended Complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), as well as those in Akbar's response and sur-reply briefs (to the extent they are consistent with the Amended Complaint), *see Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017). *See also Thompson v. Ill. Dep't of Prof. Reg.*, 300 F.3d 750, 753 (7th Cir. 2002) (on a Rule 12(b)(6) motion, the pleadings "consist generally of the complaint, any exhibits attached thereto, and supporting briefs." (citing Fed. R. Civ. P. 10(c))).

In February 2016, Akbar applied to live at the Legends South Apartment Complex, a mixed-income, tax-credit property allegedly managed by Savoy Square

2

and located at 4448 S. State St., Chicago, Illinois 60609. Am. Compl. at 2.[4] According to Akbar, Savoy Square contracts with the Chicago Housing Authority and the U.S. Department of Housing and Urban Development to provide property-management services and to screen tenant applications. *See id.* at 1-2. On the application, Akbar disclosed that he received $731 per month in disability-benefits income, listing no other source of income. R. 53, Pl.'s Resp. Br., Exh. 1. His application for residency was rejected in March 2016. Am. Compl. at 2. Although the rejection letter stated that Akbar's application was rejected because he "[did] not meet the minimum income requirements," Akbar alleges that Savoy Square actually denied it because his income came from disability benefits. *Id.* at 2-3; Pl.'s Resp. Br. at 3. He brought this lawsuit the following year, claiming that Savoy Square discriminated against him, failed to apply the CHA's Minimum Tenant Selection Plan for Mixed-Income/Mixed-Finance Communities to his application, and denied him due process of law by not giving him the opportunity to question the basis for the denial. *See generally* Compl.; Am. Compl. at 1-3.

## B. Procedural History

The Amended Complaint names the "Savoy Square" management company and site manager Roshawn Perry as defendants. Am. Compl. at 1-2. Dominique Beck, who was identified as the General Manager for the apartment complex, purported to accept service for the Defendants in June 2018. R. 23, Am. Return Service. Though the Court continued to send correspondence to Beck at the apartment complex's

---

[4]Page citations to R. 12 (Amended Complaint) and R. 53 (Pl.'s Resp. Br.) are to the PDF pagination because there is no page-numbering scheme for the filing.

3

address, the Defendant never filed an answer. *See generally* R. 24; R. 26; R. 27. In early October 2018, Akbar voluntarily dismissed Roshawn Perry from the suit, and the Court entered a default judgment for $15,000 in Akbar's favor and against Savoy Square. R. 30; R. 31.

In October 2018, Interstate and Legends appeared in the case and moved to vacate the default judgment, arguing that they are the actual entities that manage the relevant property. Mot. Vacate at 12. They explained that, after the default judgment was entered, Akbar sent a "Letter of Notification" to Savoy Square. *See* R. 34-1, Exh. 7A. According to Interstate and Legends, this letter was the first time that anyone in management heard about Akbar's lawsuit. R. 34-1, Exh. 7, Walker Aff. ¶¶ 5-6, 29-30. Dominique Beck, who had purported to accept service, had been only a temporary receptionist at the apartment complex (she worked there from May to August 2018), and had apparently failed to inform any supervisor of the lawsuit. *Id.* at 6, 10. In light of this credible explanation, the Court vacated the default judgment, noting that the record evidence showed that Akbar almost certainly did not name the correct corporate entity as a defendant despite the Court's attempts to guide him. R. 50.

Now, Interstate and Legends have moved to dismiss the Amended Complaint, asserting that "Savoy Square" is nothing more than the name of a portion of the housing redevelopment project located at the relevant property, and not a management company in its own right. Mot. Dismiss ¶¶ 5-6. Interstate and Legends

4

contend that, if anyone, they are the correct defendants because "they potentially had/have a role in the management of the relevant property." *Id.* ¶ 5.

## II. Legal Standard

A complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[5] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

---

[5]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

5

## III. Analysis

### A. Procedural Vehicle

Before getting to the merits of the arguments, there is a threshold question: is Interstate and Legends's motion to dismiss properly brought under Rule 12(b)(6)? In the dismissal motion, they do not really argue that Akbar failed to adequately plead the § 1983 claims, Mot. Dismiss ¶ 9, so there is a mismatch between the argument and Rule 12(b)(6) as the vehicle.[6] Rather, their primary argument is that Akbar has incorrectly named "Savoy Square" as a defendant and that they are the appropriate defendants because they had a role in managing the relevant property. *Id.* ¶ 5; *see also id.* ¶ 9 ("Should the Court allow Plaintiff leave to file an Amended Complaint naming the correct parties, the correct defendants will address the myriad deficiencies under Federal Rules 8 and 12 ... ."). Because the motion seeks to correct the parties in this lawsuit, it seems more like a motion to substitute parties (which would be brought under Rule 25) than a motion to dismiss for failure to state a claim. *See, e.g.*, *Sullivan v. Running Waters Irrigation, Inc.*, 739 F.3d. 354, 360 (7th Cir. 2014) (allowing a motion to substitute as a procedural mechanism to allow the plaintiff to recover from the entities holding the assets of the original corporate defendant, which no longer existed); *Ma v. CVS Pharmacy, Inc.*, 2020 WL 533702, at *3 (N.D. Ill. Feb. 3, 2020) (considering a motion to substitute to allow the proper

---

[6] In their reply, Interstate and Legends briefly argue that, even if the proper parties were named, the Amended Complaint still fails to state a claim for housing discrimination. R. 55, Def.'s Reply Br. at 2. But this argument was made only in the reply brief, so the Court will not consider it at this time. *Cremation Soc'y of Ill., Inc. v. Int'l Bhd. of Teamsters Local 727*, 869 F.3d 610, 617 n.2 (7th Cir. 2017).

defendant—the company that managed the store in which the underlying incident happened—to be a party to the lawsuit).

But Rule 25 does not strictly fit either. Specifically, "[m]isidentification is a formal defect in the complaint and therefore does not implicate the type of substitution addressed in Federal Rule of Civil Procedure 25." *Ma v. CVS Pharmacy, Inc.*, 2020 WL 533702 at *3 (citing *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)). Courts typically view Rule 25 as applicable only to the enumerated circumstances in the rule, such as when a party dies or becomes incompetent, when the legal interest in the claim is transferred, or when the action involves a public officer who is replaced in their position. *See Glover v. Carr*, 949 F.3d 364, 369 n.5 (7th Cir. 2020) (stating that *pro se* plaintiff's Rule 25 motion to substitute a prison medical director should have been a Rule 15 motion to amend because the director was not a public officer). Because none of those enumerated circumstances apply here—and because Interstate and Legends cannot bring a motion to amend on Akbar's behalf—Rule 25 does not apply, so Interstate and Legends resorted to Rule 12(b)(6).

Having said that, courts typically do not look outside the pleadings when deciding a Rule 12(b)(6) motion. Here, Interstate and Legends's entire argument is based on information not alleged in the Amended Complaint. Given this unusual procedural posture, and given that Akbar himself submitted evidence outside the pleadings in his response and sur-reply briefs, the parties have in effect converted the dismissal motion into a summary judgment motion. In light of Akbar's own proffer of evidence outside the pleadings, he has had an opportunity to present contrary

7

evidence. *See Squires-Cannon v. White*, 864 F.3d 515, 517 (7th Cir. 2017). Indeed, Akbar does not even challenge Interstate and Legends's argument that Savoy Square is not the proper defendant—instead, his briefs focus on the merits of the § 1983 claims, which are not yet at issue. For these reasons, and given the necessity of resolving this issue before proceeding further in the litigation, the Court will consider evidence outside the pleadings in deciding Interstate and Legends's Rule 12(b)(6) motion. *See Tierney v. Vahle*, 304 F.3d 734, 738-39 (7th Cir. 2002) (district court could have considered letter submitted by defendant under Rule 12(b), even if it had not been attached to plaintiff's complaint, because it contained potentially dispositive information). *Cf. Sullivan*, 739 F.3d at 359 (finding that briefing process was sufficient to present or rebut material facts when deciding motion to substitute); *Ma v. CVS Pharmacy, Inc.*, 2020 WL 533702, at *2-3 (considering full record when deciding motion to substitute parties).

### B. The Proper Defendants

Turning to the merits of Interstate and Legends's motion, the companies argue that the lawsuit should be dismissed because "Savoy Square" is neither an actual entity nor even a fictitious name for an entity with an ownership or management interest in the apartment complex. Mot. Dismiss at 1-2. Interstate and Legends are largely correct (though as will be explained further below, it is more appropriate to dismiss the Amended Complaint *without* prejudice). Ultimately, despite having several opportunities (including at the motion-to-vacate stage) to submit his own evidence, Akbar has failed to raise a reasonable inference that Savoy Square is an

independent entity that manages the Legends South Apartment Complex. *See generally* R. 53; R. 56; R. 65.

As a preliminary matter, the address that Interstate and Legends list for Legends South is "4448 S. State St. Chicago, Illinois 60609." Mot. Dismiss ¶ 6 (citing https://www.thecha.org/residents/public-housing/find-public-housing/legends-south-savoy-square). Akbar uses the same address in the Amended Complaint to identify the building that he applied to live in, which confirms that both parties are talking about the same property. *See* Am. Compl. at 2.

In addition, in situations where the identity of the proper defendant is in question—as here—a description of the defendant's responsibilities in the complaint can help pin down the correct party. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 554 (2010) (description of company that "owned, operated, managed, supervised and controlled the ship on which [the plaintiff] was injured" in the complaint identified the proper defendant even though the plaintiff mistakenly named a different party). It is apparent from the Amended Complaint that Akbar sought to name the property-management company responsible for overseeing rentable housing and screening of suitable applicants at the Legends South Apartment Complex. Am. Compl. at 1-2. And the evidence that Interstate and Legends has submitted establishes that they are the entities responsible for performing those tasks. *See* Walker Aff. ¶¶ 2-4; R. 34-1, Exh. 3 at 15; R. 38, Suppl. Mot. Vacate at 1. This information includes the affidavit of Bianca Walker, who is the Regional Manager of Interstate's Chicago office and the authorized representative for

9

Legends's Chicago office. Walker averred that, at all relevant times, Interstate managed the apartment complex for Legends, evaluated applications for residency there, and employed Dominique Beck (the receptionist who purported to accept service). Walker Aff. ¶¶ 2-5.[7] Absent any allegations or evidence from Akbar that could rebut Interstate and Legends's factual presentation, the Court is persuaded that Interstate and Legends are the proper defendants in this case.

That said, Akbar should have the opportunity to correct his mistake. Courts are instructed to "freely give" leave to amend a pleading because "the pleading rules favor decisions on the merits rather than technicalities." *Stanard v. Nygren*, 658 F.3d 792, 800-801 (7th Cir. 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent a compelling reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," the plaintiff should be given the opportunity to amend. *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 629 (7th Cir. 2020) (quoting *Foman*, 371 U.S. at 182). Here, Akbar has only amended his complaint once (and in doing so, cured the one deficiency then noted by the Court), so he has not "repeatedly [failed] to cure deficiencies by amendments previously allowed[,]" *id.* Moreover, and especially considering his *pro se* status, there is nothing to suggest that Akbar has failed to proceed diligently or has acted in bad faith, or that Interstate and Legends will suffer any undue prejudice. Rather, allowing Akbar to name Interstate and

---

[7] At the Court's request, Interstate and Legends submitted supplemental documentation showing that they employed Beck. *See* Suppl. Mot. Vacate at 1.

10

Legends will ensure that this case is decided on the merits and not on the technicality of a misnomer.

Indeed, it is well established that when plaintiffs misname a defendant, they should be allowed to amend the complaint to correct the misnomer. *See Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 506 (7th Cir. 2014); *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 558-59 (7th Cir. 2011). A misnomer occurs when a plaintiff identifies the right party in the complaint but uses an incorrect name. *Athmer v. C.E.I. Equip. Co.*, 121 F.3d 294, 296 (7th Cir. 1997*)*. In *Parker*, for example, the plaintiff mistakenly named "Scheck Industries"—which did not exist as a legal entity—instead of his employer, "Scheck Industrial." 772 F.3d at 503. But the complaint clearly sought to name the plaintiff's employer: it contained several references to "Scheck Industrial," and was served on the registered agent of the correct party. *Id.* at 505-506. For these reasons, the Seventh Circuit found that "Scheck Industrial" was a party to the lawsuit from the start, but if there was any doubt, then the plaintiff should have been given leave to amend his complaint to fix the name. *Id.* at 506.

Here, although he used the wrong name—"Savoy Square"—Akbar still identified the right party in the Amended Complaint by accurately describing Interstate and Legends's responsibilities.[8] He also listed the correct address, and

---

[8]Courts in other circuits have found that where a *pro se* plaintiff attempts to name a building's management company but instead names the building itself or another non-existent entity, the plaintiff should be given the opportunity to name the correct party. *See Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1146 (5th Cir. 1970) (naming the building instead of the company that controlled it); *Canuto v. Mattis*, 273 F. Supp. 3d 127, 133 (D.D.C.

11

served notice of the lawsuit to an employee of Interstate and Legends—who, for that matter, have conveyed that but for the inattention of that temporary employee, they would have received timely notice of the lawsuit. Mot. Vacate at 9. For all these reasons, Akbar should have the opportunity to amend his complaint a second time in order to correct the misnomer.

## IV. Conclusion

For these reasons, the Amended Complaint is dismissed, but Akbar may file a second amended complaint by August 26, 2020, naming Interstate and Legends as defendants. If Akbar does not file a second amended complaint to that effect by the deadline, then the Court will deem the parties to have been substituted and the case will proceed against Interstate Realty Management Corp. and Legends A-2, LLC. The status hearing of August 14, 2020 is reset to September 11, 2020, at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called).

ENTERED:

*Edmond E. Chang*

Honorable Edmond E. Chang
United States District Judge

DATE: August 12, 2020

---

2017) (naming a nonexistent entity but listing the proper address for the defendant apartment management company).